# Court of Appeals
# of the State of Georgia

ATLANTA,  February 04, 2025

*The Court of Appeals hereby passes the following order:*

### A25A0919. CAROLYN CORDELIA MILES v. RENNE HARDY, CAVEATOR et al.

This case concerns the Estate of Pauline Martin. In October 2019, Vera Jacobs filed a petition for temporary letters of administration in Gwinnett County Probate Court, alleging that Martin had died without a will. The following month, Carolyn Cordelia Miles filed a competing petition to probate a will in solemn form, alleging that Martin had left a will. Following several years of litigation,[1] the probate court issued an order in March 2023 denying Miles's petition and declaring the proffered will invalid. After Miles filed an appeal of that order, Renee Hardy and Jacobs filed in probate court a new petition for letters of administration. This Court dismissed Miles's appeal on the basis that the March 2023 order was not final. Case No. A24A0451 (Oct. 23, 2023).

Miles subsequently filed in the probate court documents indicating her wish to appeal the probate court's March 2023 order and asking the probate court to issue a certificate of immediate review as to that order. The probate court did not rule on these requests, but treated the documents as a notice of appeal, transmitted the record to this Court, and stayed the probate court proceedings pending resolution of Miles's appeal. This Court dismissed that appeal on the bases that no final order had been entered and that the appeal was untimely. Case No. A24A1266 (Apr. 12, 2024).

After this Court returned the remittitur to the probate court, the probate court

---

[1] See Case No. A22A1298 (June 13, 2022) (dismissing Miles's appeal from an earlier order).

entered an order on August 13, 2024, resuming jurisdiction of the case and ordering notice of Hardy and Jacobs's petition for letters of administration to be issued and served on Martin's heirs. Miles then initiated yet another direct appeal by filing a notice of appeal on September 13, 2024.[2] We lack jurisdiction.

As we explained in our dismissal of Miles's prior appeals, the record indicates that no final order has been entered and that the probate case is ongoing. In particular, it appears that the petition filed by Hardy and Jacobs remains pending below. Under these circumstances, Miles was required to use the interlocutory appeal procedures — including obtaining a timely certificate of immediate review from the probate court — to appeal the August 2024 order, and her failure to do so deprives us of jurisdiction over this appeal. See OCGA § 5-6-34 (b); *In re Estate of Reece*, 360 Ga. App. 364, 365-366 (861 SE2d 169) (2021).

Further, as we also explained previously, a notice of appeal must be filed within 30 days of entry of an appealable order. OCGA § 5-6-38 (a). "The proper and timely filing of the notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." *Perry v. Paul Hastings, LLP*, 362 Ga. App. 140, 141 (866 SE2d 855) (2021) (punctuation omitted). Here, Miles filed her notice of appeal 31 days after entry of the August 2024 order she wants to appeal. Thus, even if the case were now final, Miles's notice of appeal is untimely.

---

[2] Miles directed her appeal to the Supreme Court of Georgia, which transferred it here. Case No. S25A0322 (Dec. 10, 2024).

For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.[3]



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 02/04/2025

       *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

       *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, Clerk.

---

[3] Although Miles is proceeding pro se, our prior dismissals of her appeals should have alerted her to the impropriety of the instant appeal, and we caution her that any future abuse of the appellate process may subject her to sanctions. See Court of Appeals Rule 7 (e) (2).